Derbigny, J.
delivered the opinion of the court. The plaintiffs sue on a promissory note which, they say, was indorsed to them by the Planters’ Bank They are accordingly bound to show that indorsement and transfer. In attemping to do so, however, they prove only that the indorsement was made by the cashier. Was the cashier authorised to transfer the property of the bank by his indorsement alone ? The plaintiffs have endeavored to show that, by exhibiting a resolution of the board of directors, purporting to authorise the president and cashier to liquidate the balance due to the plaintiffs. We do not think that it follows from this resolution that the president and cashier were authorised to transfer the property of the bank by their indorsement ; but, if it could so be construed, the signature of both ought certainly to be deemed necessary.
The plaintiffs have offered to prove by the testimony of two of the cashiers of the banks in this city, that it was the common usage for notes or bills belonging to the banks, to be transferred by the cashier’s indorsement, without a *310 written authority for that purpose. We think that such evidence was rightfully refused to be admitted, because the business of banks is directed by law to be conducted according to the rules and regulations, which they may think fit to adopt, and no such thing as an usage common to them all, established only by practice, could be deemed a legal rule of conduct for the management of the concerns of any of them, especially when their property is to be disposed of.
Livermore for the plaintiffs, Livingston for the defendants.
It is, therefore, ordered, adjudged and decreed, that the judgment of the district court be affirmed with cost.